# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | **COMPLAINT**<br>**CIVIL ACTION NO.** |
| and | |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | |
| Plaintiffs, | |
| v. | |
| MIKERI GROUP, INC.<br>d/b/a MGI ELEVATOR<br>556 Eder Road<br>Stormville, NY 12582, | |
| NAYAD CASTALDO<br>556 Eder Road<br>Stormville, NY 12582, | |
| Defendants. | |

**COMPLAINT**

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)**

**Parties**

1. The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. The National Elevator Industry Health Benefit Fund ("Health Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health Benefit Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The National Elevator Industry Educational Fund ("Educational Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Educational Fund was established and is maintained according to the provisions of its Restated

Agreement and Declaration of Trust. The Educational Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Mikeri Group, Inc. d/b/a MGI Elevator ("Mikeri Group"), is a New York business existing under New York laws with offices located at 556 Eder Road, Stormville, NY 12582.

7. Mikeri Group transacts business in New York as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9),

3

(11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8. At all relevant times, Mikeri Group was and is signatory and bound to the Agreements between Local One of the International Union of Elevator Constructors, AFL-CIO, and the Elevator Manufacturers Association of New York, Inc. ("Collective Bargaining Agreements") by virtue of its Joinder Agreement.

9. Nayad Castaldo, is an officer and owner of Mikeri Group, and resides at 556 Eder Road, Stormville, NY 12582.

10. At all relevant times, Nayad Castaldo exercised control and discretion over the assets of Mikeri Group, including, but not limited to, decisions regarding the collection of receivables for Mikeri Group, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Mikeri Group's employees, and the amounts to be paid to the Plaintiffs. Accordingly, Nayad Castaldo is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11. During the period of November 1, 2015 to the present, the Defendant Mikeri Group employed employees performing work covered by the Collective Bargaining Agreement.

## Jurisdiction

12. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under

28 U.S.C. Section 1367(a).  This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreements, to collect the outstanding contributions and other amounts from the owner individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

13. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

14. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

15. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16. Pursuant to the Collective Bargaining Agreements, Defendants agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendants' employees covered by the Collective Bargaining Agreements.

17. In January 2017, the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from November

1, 2015 through October 31, 2016. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

18. Defendants employed certain employees covered by the Collective Bargaining Agreements, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from November 1, 2015 through October 31, 2016 as required by the Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $3,307.52.

19. The Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20. The Collective Bargaining Agreements, Joinder Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

21. The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 20 of Count I as if fully set forth in Count II.

22. The Defendant Nayad Castaldo executed the Joinder Agreement on July 23, 2015 agreeing to be bound to the terms of the Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust.

23. The Defendant Nayad Castaldo was and is responsible for creating and operating Mikeri Group and determining the total amount of employer contributions to report and pay to the Plaintiffs from Mikeri Group's assets.

24. Defendant Nayad Castaldo commingled assets of Mikeri Group payable to the Plaintiffs with the general assets of Mikeri Group and used those assets for purposes other than to pay the Plaintiffs.

25. Defendant Nayad Castaldo exercised authority and control over the Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

26. The amounts due, unreported and unpaid by Defendant Mikeri Group, are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

27. The factual contentions in Paragraphs 10, 16, and 22 through 26 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I and II as follows:

1. That the Court find the Defendant Mikeri Group, Inc. d/b/a MGI Elevator liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from November 1, 2015 through October 31, 2016.

2. That the Court find Defendant Nayad Castaldo liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from November 1, 2015 through October 31, 2016;

3. To enter judgment against the Defendants Mikeri Group and Nayad Castaldo in the amount of reasonable attorney's fees and costs incurred by the Plaintiffs in bringing this action;

4. For such further relief as the Court may deem appropriate.

                                             Respectfully submitted,

DATE: January 17, 2020                s/ Andrew Kelser
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

8